IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BONNIE SCOTT, an individual, on behalf of herself and all others similarly situated,

    Plaintiffs,

  v.

PRO'S CHOICE BEAUTY CARE, INC., a Delaware corporation,

    Defendant.

                          /

No. C 08-04697 WHA

**CLASS ACTION SETTLEMENT**

**ORDER REGARDING THE RELEASE OF CLASS MEMBER RIGHTS**

At this morning's oral argument for final approval of the settlement agreement, counsel represented to the undersigned that the release language of the settlement agreement had been properly revised and narrowed as ordered by the Court during the preliminary settlement approval process. Having reviewed the revised language in both the settlement agreement and class notice for the purposes of final approval, the undersigned has the following lingering concerns.

*First*, the release language in the settlement agreement is inconsistent with the release language in the class notice. The release language in the notice sent to class members specifically limited the release to the time period of October 10, 2004, to September 17, 2009. However, the revised settlement agreement extended the temporal scope of the release to the "date of final settlement approval." This amounts to over four months worth of potential damages. Counsel must revise the release language in the settlement agreement to conform to the date range set forth in the class notice.

*Second*, while the undersigned agreed with counsel during the preliminary approval process that federal claims under the Fair Labor Standards Act — which were *not* asserted by class representative Scott — could be waived by absent class members if they signed a release and "opted-in" (in this case, by endorsing and cashing their settlement checks), the scope of release for these federal claims is far too broad.  Indeed, when the undersigned agreed at the preliminary approval hearing that there could be two classes of releases — a "narrow" release for class members who chose not to opt-out of the settlement, and a "broader" release for class members who negotiated their settlement checks — this did not give counsel *carte blanche* to immunize defendants from "all claims, rights, and liabilities under the FLSA" with no reference to either the facts alleged in this action or the date range applicable to the settlement payout.  The language of the federal release must include the same types of reasonable limitations set forth in the state-law release.  In other words, the federal release should be tethered to the facts and claims alleged in this action, and be limited to the same range of dates as the state-law release.

*Third*, the waiver of California Civil Code Section 1542 should not be included in the settlement agreement for the simple reason that it is unnecessary.  The undersigned has *not* authorized a general release.  By contrast, the Court's primary concern is to ensure that the rights of absent class members released by the settlement are fairly limited to those arising out of the facts and claims asserted in this action.  As such, since no general release has been approved by the undersigned, it is unnecessary for class members to waive the protections of Section 1542.

Counsel are asked revise the release language in the settlement agreement to address the above concerns, and file a response to this order — including a copy of the revised settlement agreement — by **NOON ON MONDAY, JANUARY 25, 2010**.  Final approval of the settlement agreement will not be granted until and unless the undersigned determines that the scope of both the state and federal releases is fair to absent class members.

**IT IS SO ORDERED.**

Dated: January 21, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2