UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SCOTT, an individual, on behalf of herself, all other similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>PRO'S CHOICE BEAUTY CARE, INC.,<br><br>    Defendant. | Case No. C08-4697-WHA<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing Date: 1/21/10<br>Time:    8:00 a.m.<br>Courtroom: 9<br><br>Judge:    The Hon. William H. Alsup |

The parties have submitted their Settlement Agreement and the First Amendment thereto evidencing their proposed settlement (the "Settlement"). The Court preliminarily approved the Settlement in its September 17, 2009 Order. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the United States Attorney General, the California Attorney General and the Attorney Generals of California, Arizona, Montana, and Utah where defendant believed each class members resided at the time notice was issued, have been given notice of the Settlement. The Attorney General of Nevada has also been given notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the parties, the application for final approval of the settlement of this class action, an award of Plaintiffs' attorneys' fees and reimbursement of expenses, and the evidence and argument received by the Court at the Final Approval hearing on January 21, 2010, the Court grants final approval to the Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Class covered by this Order is defined as:

   All persons working for or employed by Defendant in California on an hourly basis including, without limitation, as Merchandisers, Merchandising Representatives, VOC Auditors, VOC Representatives, VOC Merchandisers, VOC Specialists, Supervisors, Administrators, or Regional Administrators at any time during the period of October 10, 2004 through September 17, 2009.

The Class Members are listed in Exhibit 1 to the Declaration of Melodie K. Larsen ("Larsen Decl."), filed in support of the Motion for Final Approval of Class Settlement..

2. Pursuant to this Court's Order of September 17, 2009, a Notice of Class Action Settlement was sent to each of the Class Members by first class mail. These papers informed Class Members of the terms of the Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Member filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of the Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. For the reasons stated in the Court's September 17, 2009 Preliminary Approval Order, the Court finds and determines that the proposed Class, as defined in the Definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

5. The Court finds that no Class Member has objected to the terms of the Settlement.

6. The Court finds that no Class Member has opted out of the Settlement.

7. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Settlement Class and to each Class Member and that all Settlement Class Members shall be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court finds that the Claims Administrator, Rust Consulting, Inc., has fully complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

9. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts to be made to the Class Members out of the $400,000.00 Settlement Fund in accordance with the terms of the Settlement. The employer portion of FICA, FUTA and California state employment taxes are also to be paid from this Fund.

10. The Court hereby grants and approves the application presented by Plaintiffs' attorneys for an award of attorneys' fees and costs as set forth in the supplemental order filed in conjunction with this order.

11. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties. Settlement Payments due any Class Member whose Notice of Class Action Settlement was returned as undeliverable shall be held by the Claims Administrator for distribution to the Class Member should that Class Member claim his or her Settlement Payment; provided however, that any portion of the Settlement Fund that is unclaimed six (6) months after the settlement checks are issued (including any portion that is attributable to settlement checks that have not been cashed or Settlement Payments that have not been claimed) shall be remitted by the Claims Administrator to the Bellport Boys and Girls Club or to an environmental charity designated by Defendant. With in five business days of service of this Order, Defendant is ordered to send an email to its California employees with email access seeking the address of those class members whose notices were returned as undeliverable and to promptly provide any addresses received to the Claims Administrator to aid in distribution of Settlement Payments.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4840-1643-0340 v1          - 4 -          [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

12. Pursuant to the Settlement, all Settlement Class Members are permanently barred from prosecuting against Defendant, and each of its present or former officers, directors, employees, stockholders, agents, representatives, successors, predecessors or assigns, all state and local claims, rights or liabilities arising from the facts and claims alleged in the Action, whether known or unknown, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated from October 10, 2004 to September 17, 2009, including but not limited to, claims for wages, overtime, damages, unpaid expenses, attorneys' fees, costs, liquidated damages, interest, equitable relief, punitive damages or penalties arising from the alleged failure to pay wages for all hours worked, failure to pay overtime, failure to pay for reporting time, failure to provide or pay for meal and rest periods, failure to reimburse for business expenses, failure to provide pay stubs and checks in compliance with California law, or failure to pay all wages due upon termination of the employee (collectively "Settlement Class Members' Released Claims"). The Settlement Members' Released Claims include claims under California Labor Code sections 203, 204, 218, 226, 226.7, 510, 512, 1194, 1198, 2802, and California Business & Professions Code section 17200 *et seq.*

13. Pursuant to the Settlement, all Settlement Class Members who have consented to join the Settlement for FLSA purposes by negotiating their Settlement Payments are also permanently barred from prosecuting against Defendant, and each of its present or former officers, directors, employees, stockholders, agents, representatives, successors, predecessors or assigns, all claims, rights or liabilities under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. section 201 *et seq.*, arising from the facts and claims alleged in the Action from October 10, 2004 to September 17, 2009, including FLSA claims for wages, overtime, damages, unpaid expenses, attorneys' fees, costs, liquidated damages, interest, equitable relief, punitive damages or penalties arising from the alleged failure to pay wages for all hours worked, failure to pay overtime, failure to pay for

1 | reporting time, failure to provide or pay for meal periods, failure to reimburse for
2 | business expenses, or failure to pay all wages due upon termination ("Federal
3 | Released Claims").

4 |     14.    Pursuant to the Settlement, Plaintiff Bonnie Scott is conclusively
5 | deemed to have released all claims against the Released Parties as described in
6 | Paragraph 6(b) of the Settlement Agreement.

7 |     15.    The parties are hereby ordered to comply with the terms of the
8 | Settlement.

9 |     16.    The Second Amended Complaint is deemed filed and served. This
10 | action and the claims alleged in the Second Amended Complaint are hereby ordered
11 | dismissed with prejudice, each side to bear its own costs and attorneys' fees, except
12 | as provided here in and by the Settlement.

13 |     17.    Without affecting the finality of this Final Order in any way, this Court
14 | retains jurisdiction of all matters relating to the interpretation, administration,
15 | implementation, effectuation and enforcement of this Order and the Settlement.

DATED: January 26, 2010.



_____
WILLIAM H. ALSUP
United States District Judge

IT IS SO ORDERED
Judge William Alsup