IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BONNIE SCOTT, an individual, on behalf of herself, and all others similarly situated,

    Plaintiff,

  v.

PRO'S CHOICE BEAUTY CARE, INC., a Delaware corporation with its principal place of business in the State of New York,

    Defendant.

/

No. C 08-04697 WHA

**CLASS ACTION**

**SUPPLEMENTAL ORDER REGARDING FINAL APPROVAL OF SETTLEMENT AGREEMENT**

On January 26, 2010, the undersigned granted final approval of the settlement agreement in this certified class action involving allegedly under-compensated employees of Pro's Choice Beauty Care, a company that sells beauty products throughout California (Dkt. No. 55). This supplemental order, filed in conjunction with the order granting final approval of the settlement, addresses class counsel's request for an award of $105,000 in attorney's fees and costs. For the reasons set forth below, an award of $97,073 is **GRANTED**.

As part of the settlement agreement, defendant agreed to pay class counsel *up to* $105,000 for attorney's fees, costs, and expenses. This award was separate from the $400,000 allocated to class members. "That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

Thus, even if defendant does not dispute an award of $105,000 in attorney's fees, the undersigned *must* still ensure that the fee amount is reasonable. *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000).

Where attorney's fees are not awarded from a common fund, a reasonableness inquiry begins with a lodestar analysis. *Boeing*, 327 F.3d at 965. The lodestar is calculated by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ibid.* (citations omitted). Both the hours expended and the billing rate employed should be supported by adequate documentation and other evidence; thus, attorneys working on cases where a lodestar may be employed should keep records and time sheets documenting their work and time spent. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Then, if circumstances warrant it, the lodestar may be adjusted upwards or downwards to account for other factors which are not subsumed within it. *Ibid.*

Three entities provided legal services to plaintiff and class members in this litigation: (1) Clark & Markham LLP, (2) United Employees Law Group, and (3) the Law Offices of Barron E. Ramos. Each entity submitted declarations setting forth attorney qualifications, their individual billing rates, a listing of all tasks performed by each attorney (or paralegal) showing the time spent on the matter, and a summary of fees by timekeeper. Clark & Markham, who served as lead counsel in this case, also submitted a list of billable costs.

The following table summarizes the timekeeper and billable cost information reported by Clark & Markham (Markham Decl. Exh. 2):

| NAME | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| David R. Markham | Partner | 65.70 | $575.00 | $37,777.50 |
| James M. Treglio | Associate | 156.70 | $275.00 | $43,092.50 |
| Todd White | Paralegal | 23.80 | $150.00 | $3,570.00 |
| | | | **TOTAL FEES** | $84,440.00 |
| | | | **ADDITIONAL BILLABLE CHARGES** | $6,540.61 |
| | | | **TOTAL INCLUDING COSTS** | $90,980.61 |

2

The United Employees Law Group, a boutique employment litigation firm who was initially contacted by plaintiff and worked alongside Clark & Markham throughout the litigation, also submitted a detailed, itemized fee declaration, summarized below (Haines Decl. Exh. 5):

| NAME | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Walter Haines | Attorney | 13.3 | $400.00 | $5,320.00 |

Finally, the Law Offices of Barron E. Ramos submitted a fee declaration for the legal services performed, summarized below (Ramos Decl. Exh B):

| NAME | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Barron E. Ramos | Attorney | 34.0 | $550.00 | $22,825.00 |

To determine whether the hours and billing rates reported by counsel are reasonable, an examination of supporting documentation and other evidence is appropriate. *Hanlon*, 150 F.3d at 1029. In this case, both Clark & Markham and the United Employee Law Group provided — for the most part — sufficiently detailed time records, broken down by date and individual tasks, and accompanied by reasonably detailed task descriptions. Attorney Ramos, however, did *not* provide this level of detail. Rather, Attorney Ramos' fee declaration summarized attorney's fees by category, without showing the time spent on individual tasks. The *entirety* of this billing information is reproduced below (Ramos Decl. Exh B):

| CATEGORY | LEGAL SERVICES PROVIDED | TIME |
|---|---|---|
| Correspondence | Draft and revise and/or respond to correspondence and e-mail to co-counsel | 2.5 |
| Pleadings | Analysis and review of complaint, initial disclosures, discovery propounded and responses thereto | 2.0 |
| Document Analysis | Review and analyze plaintiff's employment documents and paystubs; review and analyze voluminous documents produced by defendant re analysis of class data; assist in case valuation; crafted the additional theory of unpaid reporting time | 34.0 |
| Settlement | Analysis of Stipulation and related Exhibits; draft and revise decl in support of final approval | 3.0 |
| | **TOTAL HOURS** | 41.5 |
| | **TOTAL FEES @ $550/HR** | $22,825.00 |

1  Based upon the information above, it is impossible to gauge the reasonableness of the time
2  spent by Attorney Ramos performing "document analysis" in this case. This is a crucial inquiry,
3  given that it represents nearly $19,000 in attorney's fees, and over 15% of class counsel's
4  proposed lodestar. While Attorney Ramos' twelve years of experience as a litigator lends
5  reasonable credence to his hourly rate, he should have known better than submit a fee declaration
6  impervious to a meaningful reasonableness analysis.

7  Inadequate documentation has long been a proper basis to reduce the number of
8  "reasonable hours" in a lodestar determination. *In re Washington Public Power Supply System*
9  *Securities Litigation*, 19 F.3d 1291, 1305–6 (9th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S.
10 424, 433 (1983)). This is because the party petitioning for attorney's fees "bears the burden of
11 submitting *detailed* time records justifying the hours claimed to have been expended." *Chalmers*
12 *v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986). Attorney Ramos has not meet this
13 burden with respect to his "document analysis" time records. As such, the time attributed to
14 "document analysis" work shall be reduced to ten hours, based upon a reasonable allocation of
15 2.5 hours for each of the four "document analysis" tasks listed. The total lodestar attributable to
16 Attorney Ramos, therefore, is reduced to $9,625.00.

17 By contrast, a line-by-line review of United Employees Law Group's fee declaration
18 reveals no unreasonable billing judgment — indeed, it is the most detailed fee declaration among
19 the three provided. A detailed review of Clark & Markham's fee declaration, however, reveals a
20 number of insufficiently documented entries. For example, "Review Documents" is provided as a
21 task description for over 19 hours of work by Attorney Treglio, who bills at a rate of $275/hour.
22 Some of these entries are as short as one hour, while others are as long as six. Given that no
23 description whatsoever is provided for the type or subject matter of these documents, the Court
24 cannot gauge whether this time spent was reasonable.[1] Additionally, a billing task appears on
25 October 8, 2009, with the description "calls w/co-counsel re new case; conf call client" for 4.5
26 hours of Attorney Markham's time. From this description, it is unclear what "new case" this task

---

[1] This lack of specificity, however, is the exception rather than the norm in Clark & Markham's declaration. Indeed, most entries in the declaration sufficiently describe the type of documents being drafted or reviewed.

4

relates to, and whether class counsel may be seeking attorney's fees for time spent developing new business.

Due to these inadequate task descriptions, Clark & Markham's lodestar will be reduced by $7,812.50, which reflects a reduction of 19 hours attributed to Attorney Treglio, and 4.5 hours attributed to Attorney Markham. Therefore, the total lodestar for all three billing entities, adjusted to account for inadequate time reporting, now becomes:

| NAME | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| David R. Markham | Partner | 61.20 | $575.00 | $35,190.50 |
| James M. Treglio | Associate | 137.70 | $275.00 | $37,867.50 |
| Todd White | Paralegal | 23.80 | $150.00 | $3,570.00 |
| Walter Haines | Attorney | 13.3 | $400.00 | $5,320.00 |
| Barron E. Ramos | Attorney | 17.5 | $550.00 | $9,625.00 |
| | | | **TOTAL LODESTAR** | $91,573.00 |

With respect to counsel's claimed *costs*, the declaration submitted by counsel generally reflect reasonable expenditures. For example, counsel's use of low-cost air carriers (Southwest and Virgin America), public transportation (BART), and low-cost hotel booking services (Priceline) does not raise any questions of unreasonableness. Counsel's largest cost expenditures are approximately $2000.00 billed to "Lexis" — which is presumably legal research — and a $775.00 fee for "Expert," whose identity is unclear. Indeed, a handful of counsel's cost entries are like "Expert" in that they lack sufficient descriptions to be reviewable. For example, a generic "Research" charge of $212.00 appears for June 30, 2009, preceeded by four charges to the "LA Superior Court." Being that this action is set in the Northern District of California, these latter charges — without additional explanation — do not appear justified. Additional unclear cost entries, such as the "04.21.09" charge appearing on March 23, 2009, necessitate a discount on counsel's requested costs. Taking into account these defective cost entries, counsel's awarded costs will be discounted from $6,540.61 to $5,500.00.

The final inquiry is whether an upward or downward adjustment of the lodestar is appropriate. Several factors may be considered in making this determination, including the

5

quality of the representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment. *Hanlon*, 150 F.3d at 1029. Having considered these factors, the undersigned finds that no departure — upward or downward — is warranted.

As such, attorney's fees and costs are awarded to counsel in the amount of $97,073.

## CONCLUSION

For the reasons stated above, it is hereby ordered that class counsel is awarded $91,573 in attorney's fees and $5,500 in costs, for **A TOTAL AWARD OF $97,073** to be paid by defendant under the terms of the settlement agreement. The file shall remain open until counsel file a statement advising that all funds have been properly distributed and there is nothing left to do.

IT IS SO ORDERED.

Dated: January 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE